# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ROBERT COTNER,                                         Case No. 17-cv-748 (DSD/TNL)

      Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

UNKNOWN AND KNOWN TERRORIST
AND ORGANIZED CRIME MEMBERS,
SOME LISTED HEREIN.

      Defendants.

---

      Plaintiff Robert Cotner, a prisoner, commenced this action by filing a *pro se* complaint. Cotner did not pay the required filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis (*"IFP").  *See* ECF No. 2.

      When the matter came before this Court for initial review, the Court determined that Cotner is barred from proceeding IFP under the "three strikes rule" set forth at 28 U.S.C. § 1915(g) because he previously had three or more cases dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  ECF No. 10 at 3-5. Therefore, in an Order dated June 7, 2017, this Court denied Cotner's IFP application and ordered him to pay the full filing fee if he wished to proceed with his action.  The Court gave Cotner 30 days to pay the filing fee, failing which the Court would recommend that this action be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

      The deadline for paying the filing fee has now passed and Cotner has not paid.  Instead, Cotner has filed two documents: "Motion-to-Dismiss-Charges-or-for-a-Jury Trial," ECF No. 12,

and "Notice-of-Mootness," ECF No. 13.  In the "Notice-of-Mootness," Cotner states that "this case *is withdrawn* 'as' moot, due to the above facts."  ECF No. 13 at 1.  Cotner's statement suggests that he is attempting to voluntarily dismiss this action.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.").

But, even if voluntary dismissal was not Cotner's intention, he has not paid the filing fee within the time allowed.  Therefore, in accordance with its prior Order, the Court recommends that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").  In the same vein, the Court further recommends that Cotner's "Motion-to-Dismiss-Charges-or-for-a-Jury Trial," ECF No. 12, be denied as moot.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. Plaintiff Robert Cotner's "Motion-to-Dismiss-Charges-or-for-a-Jury Trial" [ECF No. 12] be **DENIED AS MOOT**.


Dated: August __4__, 2017                              _s/ Tony N. Leung_
                                                       TONY N. LEUNG
                                                       United States Magistrate Judge


*Cotner v. Unknown and Known Terrorist
and Organized Crime Members*
Case No. 17-cv-748 (DSD/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).